

# THE ATTORNEY GENERAL
# OF TEXAS

## AUSTIN, TEXAS 78711

WAGGONER CARR
ATTORNEY GENERAL

April 26, 1966

Honorable John L. Hill
Secretary of the State of Texas
State Capitol Building
Austin, Texas

Opinion No. (C-663)

Re: Withdrawal of a
Foreign Corporation
pursuant to Article
8.14, Texas Business
Corporation Act

Dear Mr. Hill:

In your opinion request you stated that a foreign corporation recently filed an Application for Certificate of Withdrawal with your office which in part stated:

"All known creditors or claimants have been paid or provided for and that adequate provision has been made for performance of any obligation imposed by any court in the State of Texas as the result of pending of threatened litigation."

You further state that it has been the uniform policy of your office not to allow a foreign corporation to withdraw from the State if it is involved in or threatened with litigation in this State, even though such corporation may be willing and able to make adequate provision for the satisfaction of any judgment which may be entered in such litigation.

You have asked whether your office has authority to accept and file an application containing the above quoted provision. Article 8.14 of the Texas Business Corporation Act provides:

"A. A foreign corporation authorized to transact business in this state may withdraw from this State upon procuring from the Secretary of State a certificate of withdrawal. In order to procure such a

-3201-

certificate of withdrawal, such foreign corporation shall deliver to the Secretary of State an application for withdrawal, which <u>shall</u> set forth:

" . . . . ."

"(7) A statement that all known creditors or claimants have been paid or provided for and <u>the corporation is not involved in or threatened with litigation in any court in this State.</u>"

". . . . . " (Emphasis added).

You stated that attorneys for the applying corporation contend that Section A(7) of Article 8.14 is unconstitutional.

You are advised that your office does not have authority to issue a Certificate of Withdrawal unless the application for such certificate complies with all requirements of Article 8.14 of the Texas Business Corporation Act. The statement which was quoted from the application received by your office does not comply with Section A(7) of Article 8.14 in that it fails to certify that the corporation is not involved in or threatened with litigation in this State. The requirement that foreign corporations make such a certification does not violate either the Texas Constitution or the United States Constitution. <u>Commercial Insurance Company of Newark, New Jersey</u> v. <u>Adams</u>, 366 S.W.2d 801 (Tex. Civ. App., 1963, error ref.); <u>Metropolitan Casualty Insurance Company of New York</u> v. <u>Brownell</u>, 294 U.S. 580, 55 S. Ct. 538 (1935).

## S U M M A R Y

The Secretary of State does not have authority to accept and file applications for certificate of withdrawal from foreign corporations unless such applications comply with all of the requirements of Article 8.14, Texas Business Corporation Act.

Respectfully submitted,

WAGGONER CARR
Attorney General of Texas

JOHN W. FAINTER, JR.
Assistant Attorney General

JWF:jh

APPROVED:
OPINION COMMITTEE

W. O. Shultz, Chairman
John Reeves
Gordon Cass
Ralph Rash
Pat Bailey

APPROVED FOR THE ATTORNEY GENERAL
BY:  T. B. WRIGHT